**IT IS ORDERED as set forth below:**

Date: August 20, 2009

_____
Mary Grace Diehl
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-40055-MDG |
| SOUTHERN DEVELOPMENT SEVEN, INC. | : | CHAPTER 11 |
| Debtor, | : | |
| SOUTHERN DEVELOPMENT SEVEN, INC. | : | |
| Movant, | : | CONTESTED MATTER |
| vs. | : | |
| First National Bank of Polk County | : | |
| Respondent. | : | |

**CONSENT ORDER APPROVING MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

On July 24, 2009, Debtor filed its "Motion for Authorization to Sell Real Property Free and Clear of Liens, Claims, Encumbrances and Interests" ("Motion"). Through the Motion, Debtor requested authority to sell Debtor's real property located at 777 Little Sand Mt. Rd, Summerville, GA (the "Real Property") via an auction sale conducted by J.

L. Todd Auction Company ("J. L. Todd")[1] free and clear of liens, claims, encumbrances, and interests and to disburse the sale proceeds as set forth in the Motion. A copy of J.L. Todd's proposal was attached to the Motion as Exhibit "A."

First National Bank of Polk County ("Lender") asserts a first priority security interest in the Real Property. Counsel for Debtor and counsel for Lender have conferred regarding the Motion. Based upon the consent of Debtor and Lender, the representations set forth in the Motion, and the entire record in this Case, the Court hereby concludes that good and sufficient cause exist to grant the Motion. Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Debtor is authorized to sell the Real Property pursuant to an auction sale conducted by J. L. Todd.

3. The auction sale shall occur on or before Saturday, October 10, 2009 (the "Date Certain"). In the event the auction sale does not occur on or before the Date Certain, Lender shall be authorized to submit an affidavit to the Court setting forth the Debtor's failure to conduct the sale by the Date Certain. Upon such submission, the Court may enter an order granting relief from the automatic stay and allowing Lender to utilize its state law rights and remedies available, including commencing foreclosure proceedings, without further hearing.

4. In the event the auction sale does not generate aggregate sale proceeds in excess of $600,000, Debtor shall no-sale the Real Property, the automatic stay as to the Real Property shall be automatically terminated as to Lender

---

[1] Debtor filed an application to employ J. L. Todd as an auctioneer contemporaneously with the filing of the Motion. On July 27, 2009 the Court entered an order approving the employment of J.L. Todd. The Court previously approved the employment of Toles Temple & Wright ("TT&W") as Debtor's real estate broker with respect to the Real Property.

2

and the Lender shall be permitted to utilize its state law rights and remedies, including commencing foreclosure proceedings, provided that the lifting of the automatic stay shall be deemed a full and complete satisfaction and release of the debt owed to Lender by Debtor. Lender shall not seek a claim based on the Debt owed to Lender by Debtor or the events or occurrences associated with or arising out of such debt against Debtor or any personal guarantors or co-obligors of the debt owed to Lender, including but not limited to Justin Galloway, contingent upon a release of Lender by any such guarantors.

5. Debtor shall have the right, in its sole discretion, to declare a no-sale on any portion of the Real Property once the aggregate sale proceeds exceed the debt owed to Lender, the ad valorem taxes and the commissions to be paid pursuant to the sale.

6. In the event the auction sale generates aggregate sale proceeds in excess of $600,000 but less than the amount necessary to satisfy Lender's lien on the Real Property, the automatic stay shall remain in effect as to the unsold portions of the Real Property and Lender shall have a claim against Debtor for any unpaid amounts of the debt owed to Lender by Debtor.  In such event, Lender shall not waive any of its rights to seek a deficiency judgment against any personal guarantors or co-obligors of the debt or to seek payment of the debt by any such personal guarantors or co-obligors.

7. By September 11, 2009, Debtor shall prepare and clean up the Real Property for auction sale to the reasonable satisfaction of J.L. Todd.  If Debtor fails to prepare the property to the reasonable satisfaction of J. L. Todd, Lender shall send counsel of record for Debtor and Debtor a notice of default with an affidavit of Randy Land as a representative of J.L. Todd setting forth in detail

3

Debtor's non-compliance.  If Debtor does not cure any such event of non-compliance with respect to this paragraph 7 within four (4) days of counsel for Debtor and Debtor's receipt of such notice, by facsimile or overnight delivery, Lender shall be authorized to submit and affidavit to the Court setting forth the Debtor's non-compliance and failure to cure such non-compliance.  In the event Debtor does not contest such affidavit within seventy-two hours, the Court may enter an order granting relief from the automatic stay with respect to the Real Property and allowing Lender to utilize its state law rights and remedies available, including commencing foreclosure proceedings, without further hearing.

8. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized to undertake any and all actions necessary to effectuate the sale of the Real Property.

9. The sale of the Real Property constitutes a legal, valid and effective transfer of the Real Property and shall transfer all of Debtor's rights, title and interest in, and good and marketable title to, the Real Property to purchasers at the auction sale and the Real Property shall be free and clear of all mortgages, pledges, liens, claims, rights, interests, charges, security interests and encumbrances whatsoever, whether known or unknown, fixed, liquidated, contingent or otherwise held by any claimants, including without limitation, all liabilities, debts, claims, liens, pledges, offsets, setoffs, recoupments and charges, and other liabilities.

10. The auction sale contemplated herein shall produce a purchaser or purchasers acting in good faith and entitled to the protections of § 363(m) of the Bankruptcy Code. The Debtor has not engaged in any conduct that

would allow this sale to be set aside pursuant to § 363(n) of the Bankruptcy Code.

11. Debtor is authorized to pay the estimated actual-out-of pocket expenses of $17,229.49 to J.L. Todd upon execution of the auction agreement.

12. At closing or closings, as applicable, Debtor is authorized to pay compensation to TT&W and J. L. Todd from the sale proceeds as follows:

    (a)     5% buyer's premium to J. L. Todd; plus

    (b)     5% buyer's premium to TT&W.

13. The remaining proceeds from such auction (after payment of the aforementioned auctioneer fees and expenses) shall be paid to Lender to the extent of Lender's lien on the Real Property and to satisfy any ad valorem taxes.  Any remaining funds, after any ad valorem taxes due on the Real Property are satisfied in full and after Lender's lien on the Real Property is satisfied in full, shall be held in Debtor's debtor in possession account and shall not be distributed until further order of the Court.

14. The stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(g) shall not apply to this order, and this order is immediately effective and enforceable.

15. The Court shall retain jurisdiction to enforce the terms and conditions of this Order.

**[End of Order]**

Prepared And Presented By:

**JONES & WALDEN, LLC,**
*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
lpineyro@joneswalden.com
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
 Attorneys for the Debtor

Consented To By:
McRae Stegall Peek Harm Smith & Manning, LLP
*/s/ Brian Bojo*
Brian Bojo [signed with permission by Leslie Pineyro]
Georgia Bar No.141482
100 E. 2nd Avenue
PO Box 29
Rome, GA 30161
Attorneys for First National Bank of Polk County

Distribution List:
Leslie M. Pineyro, Jones & Walden, LLC, 21 Eighth Street, Atlanta, GA 30309

Brian Bojo, McRae Stegall Peek Harman Smith & Manning, LLP, 100 E. 2nd Avenue, PO Box 29, Rome, GA 30161

6